*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| PAIGE VONDER HAAR, | ) | |
| | ) | Supreme Court No. S-15385 |
| Appellant, | ) | |
| | ) | Superior Court No. 4FA-12-02476 CI |
| v. | ) | |
| | ) | O P I N I O N |
| STATE OF ALASKA, | ) | |
| DEPARTMENT OF | ) | No. 7005 – May 1, 2015 |
| ADMINISTRATION, DIVISION OF | ) | |
| MOTOR VEHICLES, | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Patrick S. Hammers, Judge pro tem.

Appearances: Michael A. Stepovich, Stepovich & Vacura Law Office, Fairbanks, for Appellant. Harriet Dinegar Milks, Assistant Attorney General, Juneau, David A. Wilkinson, Assistant Attorney General, Fairbanks, and Michael C. Geraghty, Attorney General, Juneau, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

MAASSEN, Justice.

## I.    INTRODUCTION

The owner of a "1972 Noland car" sought to title and register it as a "low-speed vehicle," a special category of vehicles deemed roadworthy under Alaska law. The vehicle lacked a previous title, registration, or any other document from which its compliance with the applicable safety standards could be inferred. A cursory inspection failed to satisfy the Department of Administration, Division of Motor Vehicles (DMV),[1] that the vehicle met those standards, and the DMV refused to title and register it as a low-speed vehicle. Following an evidentiary hearing, a hearing officer upheld that decision, which was affirmed again on appeal to the superior court. The owner appeals to this court.

We affirm the superior court's decision to affirm the decision of the hearing officer. We conclude that substantial evidence supported the hearing officer's finding that the vehicle had not been shown to be safe for roadway use and that the decision not to title or register it therefore had a reasonable basis.

## II.    FACTS AND PROCEEDINGS

Paige Vonder Haar purchased a vehicle from a seller in Oregon in 2007. The parties label the vehicle variously as an "electric car" or a "customized golf cart," depending on their perspective. Paige's husband David testified that it was one of a number of vehicles built by Dale Noland for Disneyland "to move passengers and their luggage from hotels and places in the park." The Vonder Haars were not given any documents of title or registration at the time of purchase, but the bill of sale described it as a "1972 Noland car" (though it appears the vehicle may actually have been manufactured in 1971). The vehicle model was identified as "Ambassador." The

---

[1]    *See* 2 Alaska Administrative Code (AAC) 92.990(a)(2) (2012) (" 'division' means the division of motor vehicles in the department"); *see also* 2 AAC 92.990(a)(1) (" 'department' means the Department of Administration").

Vonder Haars intended that their son would use the vehicle "to sell ice cream on the streets in Fairbanks."

Alaska law permits the operation of low-speed vehicles on public roads that have certain speed limits.[2] In addition to specifying minimum and maximum speeds for such vehicles,[3] Alaska law requires that they meet "weight, equipment, and safety standards set by the [D]epartment [of Administration] by regulation; weight, equipment, and safety standards shall be consistent with, and may not exceed, federal standards."[4] The Department of Administration has not promulgated regulations for low-speed vehicles, but federal regulations detail safety standards for them,[5] and the parties to this appeal agree that, in the absence of state regulations, state law should be interpreted as incorporating these federal standards.

In 2009 David attempted to title and register the Noland car as a low-speed vehicle. He applied at the DMV office in Fairbanks; because he lacked the usual documentation, a DMV employee inspected the vehicle for compliance with safety standards.

The employee did not find a Vehicle Identification Number (VIN), any indication that the vehicle came from a manufacturer that follows federal safety standards, or any other visible assurance that the vehicle met those standards. David

---

[2] AS 28.35.261.

[3] AS 28.90.990(a)(16). At the time of the events in this case, low-speed vehicles were defined at AS 28.90.990(a)(15). In 2014 the subsections were reordered alphabetically without change to the definition of low-speed vehicle. *Compare* AS 28.90.990, *with* former AS 28.90.990 (2012); *see also* Revisor's notes, AS 28.90.990 (2014).

[4] AS 28.90.099(a)(16).

[5] 49 C.F.R. § 571.500 (2014).

asked for a second inspection. An Alaska State Trooper took a look at the vehicle, noted its lack of doors, opined that "[i]f you got hit in this, you'd be killed," and declared the vehicle unsafe to drive on the road.[6] DMV informed the Vonder Haars that the vehicle could not be registered as a low-speed vehicle, though it could be registered for off-road use.

Later in 2009, Paige obtained a surety bond and appraisal for the vehicle and succeeded in having it titled and registered as a low-speed vehicle at a satellite DMV location.[7] The satellite location was operated by a private contractor, who did not inspect the Vonder Haars' vehicle for compliance with safety standards.[8]

In 2010 the Department wrote Paige a letter, informing her that it had cancelled the vehicle's title upon learning that it "may be a customized golf cart" and explaining that "[t]he DMV does not title or register golf carts." The letter informed Paige that she should take the vehicle to the Fairbanks DMV office for an inspection within 15 days. It also informed her that she had a right to an administrative hearing, that she had 15 days in which to ask for one, and that her failure to do so would "waive [her] right to a hearing and the [DMV's] cancellation of the title [would] be affirmed and

_____

[6] There is no indication in the record that the trooper was basing his opinion on the applicable legal standards, and we give it no weight.

[7] A person who lacks sufficient evidence of ownership (in this case, a prior title) may apply for title after posting a bond to indemnify others who might have an interest in the vehicle. AS 28.10.216(a)(2)(A), (b). The bond must be based on a "bona fide appraisal which reasonably conforms with nationally recognized used-vehicle valuations," and "[t]he appraisal must be for a complete, street legal vehicle physically present in this state." 2 AAC 92.010(b) (2012).

[8] Because the contractor's computer system did not recognize "Noland" as a make of vehicle, the title and registration listed the make as "Ambassador," and because the computer system would not accept model years prior to 1972, 1972 was listed as the model year.

final." According to David, the Vonder Haars never received the letter. In 2011, however, when the Vonder Haars attempted to renew the vehicle's registration, they were informed that its earlier title and registration had been revoked and that their application for a new title and registration was denied.

The Vonder Haars then requested an administrative hearing, which was held in August 2012. David testified that the vehicle was capable of traveling at a minimum speed of 20 miles per hour and a maximum speed of 25 miles per hour. He testified that the vehicle was equipped with headlights, "stop lamps" (that is, "back lights" that are "like brake lights"), reflectors, exterior mirrors on both sides, a parking brake, seatbelts, and a windshield.

The hearing officer found that the vehicle could not be registered as a low-speed vehicle because the Department had determined it was "unsafe to be driven or moved on a highway." She found "that the cart was not manufactured for highway use based on its custom build, the lack of [a manufacturer's certificate of origin], and the lack of a 17 digit VIN." She further found "that the cart does not meet the requirements to title and registration for purposes of a low-speed cart due to the lack of a known manufacturer." She therefore upheld the Department's revocation of title.

Paige appealed to the superior court, which reviewed the agency's decision under the "reasonable basis" standard, applying the "substantial evidence" standard to the underlying findings of fact. The superior court found that the agency's determination that the Vonder Haars' vehicle did not meet the applicable standards for low-speed vehicles was supported by substantial evidence and the decision not to title and register it was reasonable; it therefore affirmed the hearing officer's decision.

Paige appealed to this court.

## III. STANDARDS OF REVIEW

"Where the superior court acts as an intermediate court of appeal for an administrative decision, we directly and independently review the underlying administrative decision, and may affirm the decision below on any ground supported by the record."[9]

We review factual findings made by an administrative agency using the "substantial evidence" standard, under which "findings will be upheld so long as there is enough relevant evidence to allow a reasonable mind to adequately support such a conclusion."[10] " '[W]e will not reweigh conflicting evidence, determine witness credibility, or evaluate competing inferences from testimony,' as these functions are reserved to the agency."[11]

"We review questions of law involving agency expertise under the reasonable basis test and where no expertise is involved under the substitution of judgment test."[12] "When applying the reasonable basis test, we 'seek to determine whether the agency's decision is supported by the facts and has a reasonable basis in law,

---

[9] *Conkey v. State, Dep't of Admin., Div. of Motor Vehicles*, 113 P.3d 1235, 1237 (Alaska 2005).

[10] *McKitrick v. State, Pub. Emps. Ret. Sys.*, 284 P.3d 832, 837 (Alaska 2012) (quoting *Rhines v. State*, 30 P.3d 621, 624 (Alaska 2001)) (internal quotation mark omitted).

[11] *Id.* (alteration in original) (quoting *Lindhag v. State, Dep't of Natural Res.*, 123 P.3d 948, 952 (Alaska 2005)).

[12] *Titus v. State, Dep't of Admin., Div. of Motor Vehicles*, 305 P.3d 1271, 1276 (Alaska 2013).

even if we may not agree with the agency's ultimate determination.' "[13]  "Under the substitution of judgment standard, we may 'substitute [our] own judgment for that of the agency even if the agency's decision had a reasonable basis in law.' "[14]

## IV.  DISCUSSION

### A.  Low-Speed Vehicles And Alaska Motor Vehicle Law

Alaska law allows the use of "low-speed vehicles" on public roads with maximum speed limits of 35 or 45 miles per hour depending on location.[15] A low-speed vehicle must be "manufactured to be capable of propelling itself and achieving a minimum speed of 20 miles an hour," must not have "been modified to have a maximum speed greater than 25 miles an hour," and must meet "weight, equipment, and safety standards set by the department by regulation[,] . . . [standards that] shall be consistent with, and may not exceed, federal standards."[16]

The federal safety standards for low-speed vehicles are found at 49 C.F.R. § 571.500.[17]  The parties agree that these standards apply.[18]  The federal

---

[13]    *Davis Wright Tremaine LLP v. State, Dep't of Admin.*, 324 P.3d 293, 299 (Alaska 2014) (quoting *Tesoro Alaska Petrol. Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987)).

[14]    *Id.*  (alteration in original) (quoting *Tesoro Alaska*, 746 P.2d at 903).

[15]    AS 28.35.261.

[16]    AS 28.90.990(a)(16).

[17]    Although the United States Department of Transportation has since added additional rear visibility requirements for low-speed vehicles to 49 C.F.R. § 571.500, *see* Standard No. 500; Low-speed vehicles, 79 Fed Reg. 19,249 (Apr. 7, 2014) (codified at 49 C.F.R. § 571.500 ¶ S5(b)(11)), we apply the 2011 version of the regulation in effect at the time of the events at issue here.

[18]    Because both parties refer to 49 C.F.R. § 571.500 as stating the applicable
(continued...)

standards, like Alaska's statute, require that a low-speed vehicle have a maximum speed of not more than 25 miles per hour;[19] but unlike Alaska's statute, the federal standards also mandate "[g]eneral test conditions" and procedures under which this maximum speed must be demonstrated.[20] Federal standards mandate that low-speed vehicles have certain equipment — such as headlamps, turn signal lamps, and seat belts[21] — and they provide detailed specifications for some of these items.[22] Federal standards also require that low-speed vehicles have a 17-character VIN.[23]

Under Alaska law the Department of Administration may refuse to issue a certificate of title or may revoke a previously issued title under certain conditions.[24] It may also refuse to issue a vehicle's registration or may revoke a registration for reasons including that "the vehicle is determined to be mechanically unsafe to be driven or moved on a highway, vehicular way or area, or other public property in the state."[25]

---

[18](...continued)
law, we do not need to decide whether reading AS 28.90.990 as incorporating the federal standards is a permissible construction of the statute absent the adoption of state standards, as the statute plainly contemplates.

[19]     49 C.F.R. § 571.500 ¶ S5(a) (2011).

[20]     *Id.* ¶¶ S6, S7.

[21]     *Id.* ¶ S5(b).

[22]     *See, e.g.*, *id.* ¶¶ S5(b)(8), (10).

[23]     *Id.* ¶ S5(b)(9) (referencing 49 C.F.R. § 565.23(b), which requires a 17-character VIN).

[24]     AS 28.10.221(a) (stating that "[t]he department may refuse to issue a certificate of title and may suspend or revoke a previously issued certificate of title").

[25]     AS 28.10.041(a)(4); *see also* AS 28.10.051(a)(1) ("The department may suspend or revoke the registration of a vehicle . . . [when] the department determines that
(continued...)

B.     **The Department's Decision Not To Title And Register The Vonder Haars' Vehicle As A Low-Speed Vehicle Had A Reasonable Basis.**

Paige challenges the Department's decision that the vehicle was not eligible for title and registration as a low-speed vehicle.[26] She contends that the Department could not lawfully rely on the lack of a VIN, a manufacturer's certificate of origin, and a known manufacturer in denying title and registration. She argues that she produced evidence sufficient to prove compliance with the applicable safety standards and that the hearing officer erred in ruling otherwise.

We conclude that substantial evidence supported the agency's finding that the vehicle was not roadworthy, though not in the way the hearing officer explained.[27] In support of her conclusion that the Department properly denied title and registration, the hearing officer found "that the cart was not manufactured for highway use based on its custom build, the lack of [a manufacturer's certificate of origin], and the lack of a 17 digit VIN." She also found that the vehicle could not be titled and registered as a low-speed vehicle "due to the lack of a known manufacturer." But Paige is correct that the law does not require a low-speed vehicle to be "manufactured for highway use," have a manufacturer's certificate of origin, or come from "a known manufacturer." These may

_____

[25](...continued)
the registration or certificate, plate, or permit was fraudulently procured or erroneously issued.").

[26]     Although there are several discrete agency actions at issue here — the initial refusal to title and register the vehicle, revocation of the subsequently issued title and registration, and the refusal to issue a new title and registration —Paige argued those issues at the administrative hearing, in the superior court, and before us as dependent upon the same question of compliance with the applicable safety standards. We address them in the same way.

[27]     *See Conkey v. State, Dep't of Admin., Div. of Motor Vehicles*, 113 P.3d 1235, 1237 (Alaska 2005) (noting that, in independently reviewing an administrative decision, we "may affirm the decision below on any ground supported by the record.").

be helpful indications that the vehicle meets the applicable safety standards, but it is actual compliance with the safety standards that the law requires. There is nothing in the governing statutes that would prevent a vehicle that complies with the safety standards from being titled and registered as a low-speed vehicle regardless of whether it was "manufactured for highway use," has a manufacturer's certificate of origin, or comes from "a known manufacturer."

A 17-character VIN, on the other hand, *is* required by the federal low-speed vehicle standards.[28] But Alaska law allows for the replacement of missing or altered VINs, so the lack of one does not prevent an owner from ultimately acquiring title and registration.[29] Besides, the apparent purpose of a VIN is not to assure compliance with safety standards, but rather "to simplify vehicle identification information retrieval and to increase the accuracy and efficiency of vehicle recall campaigns."[30] Here, the evidence showed that the vehicle's manufacture predated the current VIN system but that the vehicle did have a five-digit registration number that could serve the same purposes of identification.[31] Under these circumstances, the Department may have acted unreasonably had the only evidence that the vehicle was unsafe been its lack of a VIN.

In other federal standards, however, the regulations require not only that low-speed vehicles have a maximum speed of 25 miles per hour, but also that this be demonstrated under test conditions that are highly specific with regard to ambient

---

[28] 49 C.F.R. § 571.500 ¶ S5(b)(9); *id.* § 565.23(b).

[29] AS 28.10.061.

[30] 49 C.F.R. § 565.1.

[31] VINs have been used by American automobile manufacturers since 1954, but the National Highway Traffic Safety Administration standardized the VIN as a 17-character number beginning with the 1981 model year. *See* Vehicle Identification Number Requirements, 73 Fed. Reg 23,367, 23,368 (Apr. 30, 2008).

temperature, wind speed, road surface, gradient, weight, and tire pressure, among other things.[32] Certain pieces of the required safety equipment — such as a windshield and seatbelts — must also conform to very specific safety standards.[33]

At the administrative hearing, the only evidence presented concerning the vehicle's speed capabilities was David's affirmative answer when his counsel asked him whether the vehicle was "capable of propelling itself and achieving a minimum speed of 20 miles an hour . . . [a]nd a maximum speed of 25 miles an hour." The testimony about the mandatory safety equipment was similarly brief and conclusory. There was no other testimony about the basis for David's conclusions, and no other evidence that the vehicle had been tested under the conditions or in accordance with the exacting procedures that the federal safety standards require.[34] In the absence of the usual documents and certifications from which the Department could presume compliance with safety

---

[32]     49 C.F.R. § 571.500 ¶ S6.

[33]     *See, e.g.*, *id.* ¶ S5(b)(8) ("Each low-speed vehicle shall be equipped with . . . [a] windshield that conforms to the Federal motor vehicle safety standard on glazing materials (49 CFR 571.205)."); *id.* ¶ S5(b)(10) ("Each low-speed vehicle shall be equipped with . . . [a] Type 1 or Type 2 seat belt assembly conforming to Sec. 571.209 of this part, Federal Motor Vehicle Safety Standard No. 209, Seat belt assemblies, installed at each designated seating position.").

[34]     In the superior court, Paige submitted an affidavit from an expert in antique automobiles who attested, among other things, that he had "inspected Ms. Vonder Haar's 1972 Nolan[d] transporter and it meets all State of Alaska and Federal requirements to be licensed as a low-speed vehicle (LSV)." It is unclear whether the affidavit was made part of the record. The parties did not refer to it in their subsequent arguments, nor is it mentioned in the superior court's decision, which appears to rely solely on the agency record. And while Paige mentions the affidavit in her brief on this appeal, she does not address it in her argument. As in the superior court, the question before us is whether the hearing officer's decision had a reasonable basis in the law and the agency record. Our decision does not limit the evidence that may be presented to the Department should the Vonder Haars again seek to title and register their vehicle.

standards, the Department required the Vonder Haars to demonstrate actual compliance with those standards.[35] And substantial evidence supports the hearing officer's finding that the Vonder Haars did not carry this burden.[36] Because the vehicle's compliance with applicable safety standards had not been satisfactorily demonstrated, there was a reasonable basis for the Department's decision that it could not be titled or registered as a low-speed vehicle.

Paige contends that the administrative decision does not involve agency expertise or fundamental policy questions and that the "substitution of judgment" standard is therefore appropriate for our review. We reject this contention. The substitution of judgment standard is appropriate "where the agency's specialized knowledge and experience would not be particularly probative on the meaning of the

---

[35] There appears to have been no discussion of the burden of proof either at the agency hearing or in the superior court. The Department's hearing officer framed the issues as including "whether this particular vehicle was in compliance with [the statutes governing title and registration]," which appears to place the burden on the Vonder Haars. At oral argument before this court, Paige asserted that the Department bore the burden to prove that the vehicle did *not* comply with the safety standards, citing a provision of the Administrative Procedure Act, AS 44.62.460(e)(2). But the APA's hearing procedures are not extended to the proceeding at issue here by either the Act itself, *see* AS 44.62.330(a), or the Department's own statutes. *See* AS 44.62.330(b); AS 28.05.141. The Department has regulations that govern hearings related to actions taken under Title 28, but they do not address the burden of proof. *See* 2 AAC 93.010-030. Because Paige failed to raise this issue below or brief it on appeal, we have no occasion to decide it. *See Brandon v. Corr. Corp. of Am.*, 28 P.3d 269, 280 (Alaska 2001) ("A party may not raise an issue for the first time on appeal. And cursory treatment of an issue is considered by this court to be waiver of that issue." (footnote omitted)).

[36] *See Rollins v. State, Dep't of Pub. Safety*, 312 P.3d 1091, 1096-97 (Alaska 2013) (finding substantial evidence in the record to support board's finding that applicant for renewal of liquor license had failed to establish she was without fault in allowing operation of licensed premises to lapse).

statute."[37] The reasonable basis standard, in contrast, is appropriate "when the interpretation at issue implicates agency expertise or the determination of fundamental policies within the scope of the agency's statutory functions."[38] Clearly, the legislature intended to give the Department some measure of discretion in determining whether a vehicle meets the requirements for titling and registration; the Alaska statutes provide conditions under which the Department "*may* refuse to register a vehicle"[39] and specify that the Department "*may* refuse to issue a certificate of title."[40] And the statute defining "low-speed vehicle" expressly delegates to the Department the authority to set the safety requirements for low-speed vehicles by regulation,[41] further acknowledging the role of agency expertise.[42] Accordingly, "deference should be granted because the [Department], having specialized knowledge in a field, is in a better position than a court to make such determinations."[43] Because "[w]hether the [hearing officer's] findings

---

[37] *Marathon Oil Co. v. State, Dep't of Natural Res.*, 254 P.3d 1078, 1082 (Alaska 2011) (quoting *Matanuska-Susitna Borough v. Hammond*, 726 P.2d 166, 175 (Alaska 1986)).

[38] *Id.*

[39] AS 28.10.041(a) (emphasis added).

[40] AS 28.10.221 (emphasis added).

[41] AS 28.90.990(a)(16).

[42] *See Cook Inlet Pipe Line Co. v. Alaska Pub. Utils. Comm'n*, 836 P.2d 343, 348 (Alaska 1992) ("The reasonable basis standard is especially appropriate where the legislature has delegated to the agency broad regulatory authority over an area in question."); *see also Hammond*, 726 P.2d at 175-76.

[43] *Weaver Bros., Inc. v. Alaska Transp. Comm'n*, 588 P.2d 819, 821 (Alaska 1978).

were sufficient to justify denial [of title and registration] is a question of law involving agency expertise[, w]e apply the reasonable basis test."[44]

"When applying the reasonable basis test, we 'seek to determine whether the agency's decision is supported by the facts and has a reasonable basis in law, even if we may not agree with the agency's ultimate determination.' "[45] Alaska Statute 28.10.041(a)(4) provides that the Department "may refuse to register a vehicle if . . . the vehicle is determined to be mechanically unsafe," and AS 28.10.221(a)(1) provides that the Department "may refuse to issue a certificate of title . . . [when] required information . . . [has] not been provided." Because substantial evidence supported the hearing officer's conclusion that the Vonder Haars' vehicle had not been shown to comply with the applicable safety standards, the Department had a reasonable basis under AS 28.10.041 and AS 28.10.221 for its refusal to title and register the vehicle as a low-speed vehicle.[46]

## V.    CONCLUSION

The superior court's decision affirming the hearing officer's decision that the Department was not required to title and register the Vonder Haars' vehicle is AFFIRMED.

---

[44]    *Button v. Haines Borough*, 208 P.3d 194, 203 (Alaska 2009).

[45]    *Davis Wright Tremaine LLP v. State, Dep't of Admin.*, 324 P.3d 293, 299 (Alaska 2014) (quoting *Tesoro Alaska Petrol. Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987)).

[46]    In her list of issues presented for review Paige also identifies the superior court's rulings on a motion to supplement the record and a motion for reconsideration. These issues are not briefed, however, and we consider them waived. *State v. O'Neill Investigations, Inc.*, 609 P.2d 520, 528 (Alaska 1980) ("Failure to argue a point constitutes an abandonment of it.").