NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| MICHAELA ROBINSON AND ELIAS ROBINSON, ) ) | Supreme Court No. S-18677 |
| Appellants, ) | Superior Court No. 3AN-21-09042 CI |
| v. ) | MEMORANDUM OPINION AND JUDGMENT* |
| STATE OF ALASKA, DEPARTMENT OF HEALTH AND SOCIAL SERVICES, DIVISION OF SENIOR AND DISABILITY SERVICES, ) ) ) ) | No. 2061 – November 27, 2024 |
| Appellee. ) ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Adolf V. Zeman, Judge.

Appearances: Michaela Robinson and Elias Robinson, pro se, Anchorage, Appellants. Paul R. Peterson, Assistant Attorney General, and Treg Taylor, Attorney General, Juneau, for Appellee.

Before: Maassen, Chief Justice, and Carney, Henderson, and Pate, Justices. [Borghesan, Justice, not participating.]

## I. INTRODUCTION

This is the second time we have addressed issues rising from a married couple's claims against a state agency. In 2019 we remanded three of the claims to the

---

\* Entered under Alaska Appellate Rule 214.

superior court in this long-running dispute regarding the wife's Medicaid benefits. On remand an administrative law judge found in the agency's favor and the superior court affirmed that decision. We affirm the superior court's judgment upholding the agency's decision.

## II. FACTS AND PROCEEDINGS

### A. Facts

Michaela Robinson was injured in a car accident, and as a result receives Medicaid benefits from the State for assistance with in-home activities like dressing, laundry, meal preparation, and housework. The Division of Senior and Disabilities Services (Division) oversees Alaska's Medicaid personal care services program, which authorizes Michaela to receive services from a personal care assistant (PCA). The Division provides these services by contracting with third-party agencies that employ PCAs.[1] PCAs submit reports to their employing agency documenting the hours and type of assistance provided.[2] Agencies are reimbursed by the State for the wages paid to their employees for approved services.[3] Michaela's daughter served as her mother's PCA.

In 2015 the agency employing her daughter did not submit any requests for reimbursement for several months.[4] Because the lack of billing requests to the

---

[1]     7 Alaska Administrative Code (AAC) 125.060.

[2]     7 AAC 125.120(a)(3), (i).

[3]     7 AAC 125.195.

[4]     Michaela's daughter apparently failed to meet one of the requirements for continued employment. Once that requirement was met she was reinstated, and Michaela's benefits resumed.

agency indicated Michaela had not used her benefits for 90 days, the Division terminated Michaela's benefits in 2015 as required by its regulations.[5]

In August 2016 the Division reassessed Michaela's needs for assistance and reinstated her benefits. It subsequently reduced Michaela's weekly care from 13.5 to 1.75 hours per week. Michaela and Elias Robinson appealed the reduction arguing that 1.75 hours was not enough in light of Michaela's demonstrated needs.

## B. Proceedings

An administrative law judge (ALJ) held three hearings in late 2016. The ALJ reversed the reduction of Michaela's hours in March 2017 and the Division adopted his decision. The ALJ ruled that the Division had erred in its evaluation of Michaela's need for assistance with certain activities and had not considered a letter from Elias's doctor, which stated that Elias was unable to assist Michaela due to his own health problems. As a result, Michaela's benefits were increased from 1.75 hours to 7.75 hours per week.

After the ALJ's decision, but before the Division adopted it, the Robinsons filed notice in superior court that they disagreed with the ALJ's proposed decision and wanted it "addressed" or "fixed." In April the Robinsons also requested a superior court trial on the ALJ's decision. They also alleged that the Division was biased and violated the Health Insurance Portability and Accountability Act (HIPAA) because a Division employee spoke to one of Elias's doctors.

The Division filed a motion to dismiss the Robinsons' claim in December 2017. It argued that Michaela had not stated a claim upon which relief could be granted. The court granted the Division's motion to dismiss in May 2018. It found that because

---

[5] 7 AAC 125.026(d)(1) requires the Division to "terminate a recipient's authorization to receive personal care services" if the recipient fails to use them during any 90-day period.

the ALJ had ruled in Michaela's favor, there was no relief the court could grant.[6] The court also dismissed the HIPAA claim because it had not been raised in the original or amended pleading.

The Robinsons appealed and we issued our decision in September 2019.[7] We affirmed the dismissal of their claims relating to HIPAA and their daughter's wages.[8]

However, we remanded three of the Robinsons' claims that were properly raised in the superior court, but that the court had not addressed.[9] We directed the superior court to address whether Michaela's benefits had been wrongly terminated in 2015;[10] whether the Division had properly implemented the ALJ's March 2017 decision and provided Michaela all of the benefits to which she was entitled;[11] and whether the relief granted by the ALJ was sufficient to meet Michaela's needs.[12]

The superior court in turn remanded the case to the Division to determine whether Michaela's benefits were properly terminated and whether the ALJ's decision had been properly implemented.[13] The ALJ held four hearings in February and March 2021. The ALJ heard testimony from the Robinsons, their daughter, a Division

---

[6] The court also dismissed the Robinsons' claims against their daughter's former employer because neither the daughter nor her employer were parties to the case.

[7] *Robinson v. State, Dep't of Health & Soc. Servs., Div. of Senior & Disabilities Servs.*, No. S-17140, 2019 WL 4463485 (Alaska Sept. 18, 2019).

[8] *Id.* at *3.

[9] *Id.* at *1-3.

[10] *Id.* at *1-2.

[11] *Id.* at *2.

[12] *Id.* at *3.

[13] The superior court retained the third issue regarding the sufficiency of the relief granted.

manager, and an employee of the agency that had employed Michaela's daughter when benefits were terminated in 2015.

The ALJ issued his decision on remand in September 2021. He first found that the Division properly terminated Michaela's eligibility for benefits in 2015. He pointed to testimony from the agency employee that the agency did not bill the Division for Michaela's care from May to August 2015. He determined that the Division therefore acted in compliance with its regulations by closing Michaela's file.

The ALJ also found that the Division had properly implemented his March 2017 decision. He found there was no evidence that the Division had improperly calculated the hours Michaela needed following his earlier decision, and he noted that the Robinsons' appeal focused instead on "a general theme" that the Division was retaliating against them, either because of problems with the agency that had employed their daughter or because of "antipathy towards the Robinson family."

The Robinsons appealed again to the superior court, which affirmed the ALJ's decision. The court held that the Division had properly terminated Michaela's benefits in 2015 because it had not received any billing from their daughter's employer. It also held that the Division had properly implemented the March 2017 ALJ decision by doing the "mechanical" calculation of Michaela's hours correctly. Finally, it concluded that the Division had granted Michaela sufficient relief when it implemented the ALJ's decision because each of the ALJ's conclusions were supported by substantial evidence.

The Robinsons appeal.

## III. STANDARD OF REVIEW

"Where the superior court acts as an intermediate court of appeal for an administrative decision, we directly and independently review the underlying

administrative decision, and may affirm the decision below on any ground supported by the record."[14]

We review administrative factfinding under the "substantial evidence" standard and will uphold an agency's factual findings "so long as there is enough relevant evidence to allow a reasonable mind to adequately support such a conclusion."[15] " 'We will not reweigh conflicting evidence, determine witness credibility, or evaluate competing inferences from testimony,' as these functions are reserved to the agency."[16]

We liberally construe the claims of self-represented litigants.[17]

## IV. DISCUSSION

### A. The Division Did Not Err When It Terminated Michaela's Benefits In 2015.

The first question we instructed the superior court to consider on remand was "whether the Division erred when it terminated Michaela's benefits in 2015."[18] The ALJ found that the Division did not err.

---

[14] *Vonder Haar v. State, Dep't of Admin., Div. of Motor Vehicles*, 349 P.3d 173, 177 (Alaska 2015) (quoting *Conkey v. State, Dep't of Admin., Div. of Motor Vehicles*, 113 P.3d 1235, 1237 (Alaska 2005)).

[15] *Id.* (quoting *McKitrick v. State, Pub. Emps. Ret. Sys.*, 284 P.3d 832, 837 (Alaska 2012)).

[16] *Id.* (internal brackets omitted) (quoting *Lindhag v. State, Dep't of Nat. Res.*, 123 P.3d 948, 952 (Alaska 2005)).

[17] *Patterson v. Walker*, 429 P.3d 829, 831 (Alaska 2018).

[18] *Robinson v. State, Dep't of Health & Soc. Servs., Div. of Senior & Disabilities Servs.*, 2019 WL 4463485, at *2 (Alaska Sept. 18, 2019). We also instructed the superior court to determine whether the Division could establish that the Robinsons had failed to exhaust their administrative remedies. *Id.* But the Division waived this affirmative defense in the February 9, 2021 remand hearing.

Controlling regulations provide that the Division will terminate a recipient's benefits if the recipient fails to use those benefits during any 90 consecutive day period.[19]  Substantial evidence supported the ALJ's finding that no billings for Michaela's care were submitted to the Division during a 90-day period.  The Robinsons' daughter's employer testified that she did not submit timesheets for over 90 days in the summer of 2015 due to their daughter's failure to meet a required certification.

The ALJ relied on this evidence to conclude that the Division had not erroneously terminated Michaela's benefits; he observed that the Division was in fact taking an action required by regulation.  The superior court upheld the ALJ's decision, looking at the same evidence.  We agree that substantial evidence supports the ALJ's finding.  The Division received no billings reflecting that Michaela was using her allotted hours for over 90 days.  Therefore, the Division complied with regulations by terminating Michaela's benefits, and the superior court did not err in upholding that decision.

The Robinsons argue that they did not receive notice of the termination, but the ALJ found that the notice was sent to the address the Robinsons had most recently provided to the Division.  The superior court affirmed that finding, and the record supports that finding.  Elias testified before the ALJ that the notice was properly addressed to the Robinsons' address at that time.  The ALJ did not err by finding that the Division sent notice to the Robinsons' then-current address to inform Michaela it was terminating her benefits.  And the superior court did not err by upholding the ALJ's decision.

---

[19]     7 AAC 125.026(d)(1).

**B.     Michaela Was Awarded Sufficient Relief By The ALJ's March 2017 Decision.**

We also instructed the superior court to consider whether Michaela had been granted sufficient relief by the ALJ's decision increasing her hours from 1.75 to 7.75 per week.[20]  The ALJ explained his reasoning in the decision.  He found that the Division assessor[21] had acknowledged that she had mistakenly written that Michaela needed assistance with dressing five days a week, when she actually needed it seven days a week.  The ALJ also found that the assessor had improperly discounted reports of Michaela falling in the shower, and on that basis increased her benefits for bathing assistance.

The ALJ found the assessor had not considered an updated letter from Elias's doctor indicating that he was not able to assist Michaela with activities like doing laundry, grocery shopping, housework, and preparing meals.  The ALJ found that because Elias could not assist her, Michaela needed additional PCA assistance.  And he also slightly adjusted the amount of "light housework" assistance Michaela needed.

The superior court affirmed the ALJ's decision, noting that there was substantial evidence that supported the decision and no evidence that "dramatically opposed" it.  The record provides substantial evidence supporting the ALJ's decision; the superior court did not err by affirming it.

The Robinsons argue that Michaela's medical history requires her to have at least 23.25 hours of care per week.  But Michaela's medical history *was* considered in both the Division's August 2016 assessment and in the hearings before the ALJ.  The superior court observed that Michaela's medical history was taken into account when it affirmed the ALJ's decision.  The superior court did not err on that issue.

---

[20]     *Robinson*, 2019 WL 4463485, at *3.

[21]     An assessor evaluates a recipient's ability and need for assistance in the home.  *See* 7 AAC 125.199(3).

In addition, the Robinsons argue that certain "boxes [were] checked that do not pertain to [Michaela] and are not based off of facts" in Michaela's August 2016 assessment. The superior court concluded that this assertion was unsupported in the record. We agree.

## C.     The Division Properly Implemented The ALJ's Decision.

The last claim we remanded to the superior court was whether the Division properly implemented the ALJ's March 2017 decision.[22] In his March 2017 decision, the ALJ reviewed the Division's assessment of Michaela's needs and calculated a "score" on its assessment scale that revealed the number of hours of assistance per week to which Michaela was entitled.

The superior court determined that the Division had properly implemented that decision, noting that the Division had been required to "tak[e] the increased numbers and plug[] . . . them into a service authorization chart" — a mechanical process that left it with no discretion. The court also pointed out there was no evidence of a clerical error or malfunction in the system.

We see no error in the Division's implementation of the ALJ's March 2017 decision. Indeed in a letter to the Robinsons in 2017, the Division confirmed that it had increased Michaela's benefits exactly as instructed by the ALJ: from 1.75 hours of weekly assistance to 7.75 hours.

## V.     CONCLUSION

We AFFIRM the superior court's judgment affirming the ALJ's decision.

---

[22]     *Robinson*, 2019 WL 4463485, at *2.